# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. GAVINO,<br><br>    Plaintiff,<br><br>    v.<br><br>HORFAN, et. al.,<br><br>    Defendants. | CV F   03 5977 OWW LJO P<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 12.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

John A. Gavino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiffs First Amended Complaint filed on September 13, 2004.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The First Amended Complaint alleges that during Plaintiff's incarceration at Avenal State Prison, Plaintiff's mail from "Rose Hall" was rejected by Defendant Horfan on the grounds that it was really mail from his wife which was prohibited at the time because she was on probation. Plaintiff alleges that his First Amendment right to free speech was violated. Plaintiff contends that Defendant Horfan's action was not "reasonably related to a legitimate penological interest."

Plaintiff also alleges that Defendant Wilson refused to process his inmate appeal to the next level on this issue because his inmate appeal on the lower level was granted. Plaintiff alleges that this violated his First Amendment right to redress the government.

Plaintiff is seeking monetary damages and injunctive relief.

**C. CLAIMS FOR RELIEF**

*1. Mail*

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987). Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is

reasonably related to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." Turner, 482 U.S. at 89-90.

Here, Plaintiff alleges that Defendant Horfan wrongfully rejected incoming mail which Plaintiff had a right to receive. Plaintiff further alleges that there was no legitimate penological interest for the rejection. Based on the allegations, the Court finds Plaintiff sufficiently alleges a cognizable First Amendment claim against Defendant Horfan.

### *2. Inmate Appeals Process*

Plaintiff alleges that Defendant Wilson wrongfully refused to process his inmate appeal to the next level after it was granted at a lower level. Plaintiff alleges this refusal constituted a violation of his First Amendment right to redress grievances. Although categorized as a First Amendment right, Plaintiff's allegation implicates the Due Process clause and not the First Amendment. The First Amendment guarantees the freedom of speech and not the right to redress grievances.

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley,

supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Accordingly, Plaintiff's allegation against Defendant Wilson for failing to process administrative grievance to the next level does not state a cognizable claim under Section 1983.[1]

**D. CONCLUSION**

The Court finds Plaintiff's Amended Complaint states a cognizable First Amendment claim against Defendant Horfan for mail interference. However, the Amended Complaint does not contain any other cognizable claims for relief. As such, the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with the claim found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss the claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendant. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on Defendant.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:
    a. File an Second Amended Complaint omitting the claim not cognizable as

---

[1] The Court recognizes Plaintiff wished to appeal to the next level for purposes of administrative exhaustion. The allegation that officials hindered his appeal for the purposes of exhaustion is more appropriately raised in response to a Motion to Dismiss on the basis of exhaustion. Until such motion is made, however, such a defense by Plaintiff cannot be made.

1           set forth in this Order, or

2          b.    Notify the Court in writing that he does not wish to file a Second

3           Amended Complaint and instead wishes to proceed on the cognizable

4           claim for relief set forth in this Order.

5     Plaintiff is forewarned that his failure to comply with this Order may result in a

6 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

7 IT IS SO ORDERED.

8 **Dated:**   **March 6, 2006**               /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE